## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| **JACOB C. LUCÉ and** | § | |
| **LAUREN L. GIFFORD,** | § | |
| Plaintiffs, | § | |
| v. | § | **Case No. 4:26-cv-00191-SDJ-BJD** |
| **CITY OF MCKINNEY, TEXAS;** | § | **COMPLAINT FILED:** |
| **and K. FIDDES, in his individual capacity,** | § | **FEBRUARY 20, 2026** |
| Defendants. | § | |

## <u>PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN ONGOING STATE COURT PROCEEDINGS AND TO STRIKE DEFENDANTS' *YOUNGER* ABSTENTION DEFENSE</u>

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE AND MAGISTRATE JUDGE:**

Plaintiffs Jacob C. Lucé and Lauren L. Gifford file this Emergency Motion for Preliminary Injunction to immediately enjoin Defendant City of McKinney, its agents, and its municipal prosecutors from continuing a bad-faith, retaliatory municipal prosecution in Cause Nos. 25-CD-221801 and 25-CD-221802.

The state forum has conclusively proven it will not provide an adequate opportunity to protect Plaintiffs' federally guaranteed civil rights. On Friday, June 5, 2026, the Supreme Court of Texas officially accepted and file-stamped *Plaintiffs' First Supplemental Notice* detailing the municipal court's structural deprivations, yet just 14 minutes later officially denied *Plaintiffs' Petition for Writ of Mandamus* (**See Exhibit A, SCOTX File-Stamped Notice and Denial Order**), formally refusing to intervene in the unconstitutional actions of the McKinney Municipal Court.

The municipal court has weaponized multiple continuances to trap Plaintiffs in a cycle of endless, unauthorized hearings without ever curing the fatal defects of its poisoned infrastructure. **This Honorable Court now has a federal duty to intervene.** The federal bench is the sole remaining venue with the authority to halt these ongoing constitutional deprivations prior to the July 7, 2026, municipal pre-trial hearing.

## I.

## THE ANTI-INJUNCTION ACT EXCEPTION (42 U.S.C. § 1983)

1.  While the Anti-Injunction Act (28 U.S.C. § 2283) generally restricts federal courts from enjoining state proceedings, the United States Supreme Court in *Mitchum v. Foster*, 407 U.S. 225 (1972), explicitly held that civil rights actions filed under 42 U.S.C. § 1983 constitute an "expressly authorized" exception. Under the *Younger* abstention doctrine, federal courts generally cannot interfere with pending state criminal trials unless there is explicit proof of bad faith, harassment, or an inability of the state courts to protect federal constitutional rights.

## II.

### THE COLLAPSE OF THE *YOUNGER* ABSTENTION DEFENSE

2.      The City of McKinney's primary defense against federal intervention relies on the *Younger* abstention doctrine. However, *Younger v. Harris* dictates that a federal court must not abstain when the state proceeding is brought in bad faith, is utilized for harassment, or when the state tribunal cannot adequately protect federal rights. Furthermore, pursuant to *Gibson v. Berryhill*, 411 U.S. 564 (1973), the *Younger* abstention doctrine does not apply when the pending state proceeding lacks an adequate forum due to systemic tribunal bias or conflicts of interest.

3.      **The Appellate Black Site:** To appeal a municipal conviction in Texas, a defendant must provide a certified written transcript. During a June 2, 2026, hearing, the McKinney Municipal Court formally denied Plaintiff Lucé's request for a court reporter, instituting a de facto policy of replacing written transcripts with uncertified audio recordings (**See Exhibit B, ADA / Court Reporter Order**). Because Texas appellate courts have no duty to review uncertified audio, the City structurally prevents the creation of a lawful appellate record. A federal court cannot in good conscience abstain and send a citizen into a judicial black hole where the local tribunal openly refuses to provide the basic transcripts required for appellate review.

4.      **Exhaustion of State Remedies:** On June 5, 2026, the Supreme Court of Texas officially accepted and file-stamped Plaintiffs' First Supplemental Notice, permanently placing the municipal court's "Shadow Docket" and "Appellate Black Site" admissions onto the state's highest docket. Despite possessing this undisputed documentary evidence of unconstitutional *Monell* policies,

the Supreme Court of Texas formally declined to intervene (**See Exhibit A**). Because the highest court in Texas formally refused to cure these structural deprivations, the state system offers no adequate opportunity for constitutional review. The *Younger* defense is legally moot.

### III.

### BAD FAITH, HARASSMENT, AND *MONELL* POLICIES

5.      The underlying municipal prosecution is a bad-faith retaliation campaign designed to punish Plaintiffs for exercising their First Amendment rights. This bad faith is confirmed by documented *Monell* policies executed by City agents. Judge Peter J. Graham inherited a prosecution poisoned from the start. Rather than rectify the unconstitutional infrastructure, Judge Graham made the conscious choice to ratify and enforce the following deprivations of basic Texas and Federal law:

6.      **The Shadow Docket and Defective Service:** On June 2, 2026, municipal prosecutors admitted on the record that Plaintiff Lucé had never been lawfully served, existing only on an unconstitutional "shadow docket." This docket is completely inaccessible to defendants and the public—even online. The City of McKinney commands an annual budget of more than $942 million. To claim that a municipality with nearly a billion dollars in resources cannot afford to provide a public online docket, or pay a basic court reporter, is an absurdity. The lack of infrastructure is not an accident; it is an intentional tool of concealment. In an attempt to cure six months of unauthorized prosecution, the municipal judge ordered prosecutors to physically hand Plaintiff a summons in open court (**See Exhibit C, In-Court Summons**).

7.    ***OmniBase* Extortion:** Despite acknowledging the lack of prior service, the City continues to actively enforce a retaliatory *OmniBase* Texas driver's license hold based on a fabricated "Failure to Appear" for a hearing Plaintiff was never legally summoned to attend.

8.    **The Evidentiary Lockout:** The municipal court actively bars defendants from submitting physical video evidence to support dispositive pre-trial motions (**See Exhibit D, Notice of Evidentiary Lockout**). The court provides no lawful mechanism to remedy this, essentially stating that evidence can only be introduced at a pre-trial hearing, thereby trapping the defense in a vicious loop where the State will inevitably claim "surprise."

9.    **Weaponizing State Rules Against Federal ADA Law:** On June 2, 2026, the municipal judge signed a formal ADA accommodation recognizing Plaintiff Gifford as Plaintiff Lucé's Caretaker (**Exhibit B**). Immediately upon its signing, City Prosecutors announced their intent to weaponize Texas Rule of Evidence 614 ("The Rule") to forcibly eject the Caretaker from the courtroom at trial, attempting to use state evidentiary rules to override federal disability law.

10.    **Weaponized Attrition:** The City has forced Plaintiffs into a cycle of endless continuances (**See Exhibit E, Orders of Continuance**), using the judicial process itself as a mechanism of harassment while refusing to cure fatal jurisdictional defects.

## IV.

### STANDARD FOR PRELIMINARY INJUNCTION

11.    **Substantial Likelihood of Success on the Merits:** Plaintiffs possess indisputable

forensic evidence, open-court admissions, and signed municipal orders proving the City operates unconstitutional *Monell* policies to deprive citizens of Due Process.

12.     **Substantial Threat of Irreparable Harm:** Plaintiffs are scheduled for a municipal Pre-Trial Hearing on July 7, 2026, and a Jury Trial on July 14, 2026. Forcing Plaintiffs to endure a retaliatory trial in a tribunal that lacks jurisdiction, actively violates the ADA, and intentionally blocks the creation of an appellate record constitutes irreparable constitutional harm. Furthermore, the municipal court weaponizes the process itself to drain Plaintiffs' resources through a cycle of unauthorized hearings; the court executed consecutive Orders of Continuance on May 5, 2026 (delaying proceedings to June 2), and again on June 2, 2026 (delaying proceedings to July 7) (**See Exhibit E**).

13.     **Balance of Equities and Public Interest:** The City has no legitimate interest in operating an unconstitutional shadow docket or executing retaliatory prosecutions. Enjoining these bad-faith proceedings serves the highest public interest by upholding the supremacy of the United States Constitution.

### V.
### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Strike Defendants' *Younger* abstention defense as fundamentally inapplicable due to the

exhaustion of state remedies and the municipal court's demonstrated bad faith;

B.  Immediately issue a Preliminary Injunction enjoining the Defendant City of McKinney, its agents, and its prosecutors from proceeding with Cause Nos. 25-CD-221801 and 25-CD-221802;

C.  Grant any further relief to which Plaintiffs may be justly entitled.

Dated this 9th day of June, 2026.

Respectfully submitted,

*/s/ Jacob C. Lucé*_____

**JACOB C. LUCÉ**

*/s/ Lauren L. Gifford*_____

**LAUREN L. GIFFORD**

4100 Eldorado Pkwy, 100 #223

McKinney, TX 75070

(469) 333-0713

info@luceprospectgroup.com

Plaintiffs, Pro Se

---

## CERTIFICATION BY UNSWORN DECLARATION

My name is Jacob C. Lucé, my date of birth is June 8, 1989, and my address is 4100 Eldorado Pkwy, 100 #223, McKinney, TX 75070, USA. I declare under penalty of perjury that the factual statements contained in this Emergency Motion for Preliminary Injunction are true and correct based on my personal knowledge. I further declare under penalty of perjury that every document attached to this filing as an Exhibit is a true and correct copy of the original document. Executed in Collin County, State of Texas, on the 9th day of June, 2026.

_____ */s/ Jacob C. Lucé* _____

**Declarant (Jacob C. Lucé)**

## CERTIFICATE OF CONFERENCE

We hereby certify that on June 8, 2026, we conferred via email with Defense Counsel Darrell Noga regarding the relief requested in this Motion. Defense Counsel stated that the Defendants oppose this Motion. This Motion is therefore presented to the Court for determination.

_____ */s/ Jacob C. Lucé* _____

**JACOB C. LUCÉ**

_____ */s/ Lauren L. Gifford* _____

**LAUREN L. GIFFORD**

---

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, a true and correct copy of the foregoing was filed with the

Clerk of the Court and served upon counsel of record via the Court's CM/ECF system.

_____*/s/ Jacob C. Lucé*_____

**JACOB C. LUCÉ**

_____*/s/ Lauren L. Gifford*_____

**LAUREN L. GIFFORD**

## INDEX OF EXHIBITS

**Exhibit A:** Supreme Court of Texas First Supplemental Notice and Order Denying Mandamus (June 5, 2026)

**Exhibit B:** McKinney Municipal Court Order Granting ADA Accommodation and Denying Court Reporter (Signed June 2, 2026)

**Exhibit C:** Original Charging Complaints and In-Court Summons Issued to Defendant on June 2, 2026

**Exhibit D:** McKinney Municipal Court Notice of Evidentiary Lockout

**Exhibit E:** Orders of Continuance (May 5, 2026 and June 2, 2026)

---