# Exhibit A:

# Supreme Court of Texas First Supplemental Notice and Order Denying Mandamus (June 5, 2026)

26-0435
6/5/2026 6:08 PM
tex-115821595
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# IN THE SUPREME COURT OF TEXAS

# AUSTIN, TEXAS

## NO. 26-0435

## IN RE JACOB C. LUCÉ,

## Relator.

## ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

## RELATOR'S FIRST SUPPLEMENTAL NOTICE AND RENEWED REQUEST FOR EMERGENCY STAY OF PROCEEDINGS

## TO THE HONORABLE SUPREME COURT OF TEXAS:

Relator Jacob C. Lucé files this First Supplemental Notice to apprise this Honorable Court of severe, ongoing procedural developments in the McKinney Municipal Court. The lower court responded to the Relator's initial Mandamus—which detailed the presiding judge's unconstitutional conduct—by engaging in retroactive legal maneuvers to try to cure fatal jurisdictional defects, all while

---

unlawfully maintaining retaliatory sanctions. Because the lower court insists on dragging Relator through an ill-established, structurally broken prosecution, immediate Supreme Court intervention and an Emergency Stay of Proceedings are required.

## I.

## THE FLIGHT OF THE RESPONDENT
## AND AUTOMATIC SUBSTITUTION

1.      Shortly after the unconstitutional ex parte communications and Americans with Disabilities Act (ADA) violations of Respondent Judge Steven Autry were brought to the attention of this Court and the Federal District Court, Judge Autry abruptly vacated his position as Presiding Judge of the McKinney Municipal Court. He did not simply leave this case; he fled the municipal courtroom entirely.

2.      There is no stronger evidence validating Relator's original Mandamus claims than the immediate flight of the offending judge to escape liability. Rather than answer to this Honorable Court on the official record for his egregious constitutional violations, his bullying behavior, and his willful disregard for the State's failure to establish proper jurisdiction, Judge Autry abdicated his post.

3.      Pursuant to Texas Rule of Appellate Procedure 7.2(a), the Honorable

---

**RELATOR'S FIRST SUPPLEMENTAL NOTICE AND RENEWED
REQUEST FOR EMERGENCY STAY OF PROCEEDINGS**                    **Page 2**

Peter J. Graham, having taken over the docket, is automatically substituted as the Respondent in this original proceeding. However, a municipality cannot cure severe constitutional violations simply by playing judicial musical chairs. If municipal courts can simply swap out presiding judges to evade Supreme Court scrutiny, the integrity of the entire Texas justice system is fundamentally compromised.

## II.

### THE ADMISSION OF DEFECTIVE SERVICE
### AND THE "SHADOW DOCKET"

4.      On June 2, 2026, Relator appeared before Respondent Judge Graham for a pre-trial hearing. During this hearing, Relator re-asserted that the Municipal Court lacked personal jurisdiction due to the State's continuous failure to properly serve a lawful summons.

5.      Respondent Judge Graham directly questioned Prosecutor Molly Craft as to whether Relator had ever been properly served. Prosecutor Craft could *not* answer affirmatively. When pressed on the location of the summons, the Prosecutor admitted only that it was "on the docket."

6.      Placing a document on a municipal "shadow docket"—an internal portal

---

**RELATOR'S FIRST SUPPLEMENTAL NOTICE AND RENEWED
REQUEST FOR EMERGENCY STAY OF PROCEEDINGS**                    **Page 3**

to which defendants have absolutely no access—does *not* constitute lawful service. Had lawful service ever been achieved, the State would have produced a physical return of service featuring a date, signature, and proof of delivery. They could not produce this because it does not exist.

7.      Recognizing this fatal defect, Respondent Judge Graham attempted to save the State's prosecution by ordering the State to physically hand Relator the original December 2025 charging complaints alongside newly issued summons in open court for future trial dates (**See Exhibit A, Original Complaints and In-Court Summons Issued June 2, 2026**).

8.      This judicial action serves as a definitive, on-the-record admission that valid, lawful service was *never* achieved prior to June 2, 2026. To illustrate the absurdity of the State's posture to this Court, the prosecution is attempting the procedural equivalent of a baseball player claiming they hit a single after running straight to first base from the dugout—completely skipping the on-deck circle, completely skipping the batter's box, and completely failing to ever hit the ball. The City of McKinney never legally stepped into the box to establish fundamental jurisdiction, yet they continue to force Relator through months of unauthorized, void proceedings.

**III.**

**THE DRIVER'S LICENSE EXTORTION: DE FACTO**

**SYSTEMIC POLICY OF PRE-TRIAL PUNISHMENT**

9.     Despite acknowledging this foundational jurisdictional failure, Respondent Judge Graham explicitly refused to lift the State's retaliatory *OmniBase* Texas driver's license hold.

10.     The State placed this hold based on a fabricated "Failure to Appear" for a January hearing. Because Relator was never lawfully served to appear at that hearing—a fact the lower court just proved by forcing in-court service on June 2—the *OmniBase* hold is the unconstitutional "fruit of the poisonous tree."

11.     Respondent Judge Graham defended the refusal to lift the hold by arguing that because Relator's license does not expire immediately, there is no "ongoing harm". This logic reveals a troubling, systemic *Monell*-style de facto policy deeply embedded within the municipal court's administrative apparatus. Permitting a municipality to impose driver's license holds as an extrajudicial, pre-trial penalty *before* a defendant's day in court raises severe constitutional concerns for the thousands of McKinney citizens navigating the Texas judicial system.

---

12.    By refusing to lift the license renewal hold despite having the full knowledge and opportunity to rectify it, the lower court has elevated a routine administrative mechanism into a tool of structural extortion. A citizen's constitutional protections cannot be subject to a judge's selective "discretion" based entirely on when their license happens to expire.

13.    As evidenced by Judge Graham's statements at the June 2 hearing, the statutory hold under Tex. Transp. Code § 706.004 is unconstitutional on its face, or as applied by the McKinney Municipal Court, because it inflicts pre-trial punishment without due process. The City's failure to establish proof of service or formal acceptance of a summons renders this hold a violation of the constitutional rights to freedom of movement and to earn a living. Absent essential procedural safeguards, the Court's use of this statutory framework violates the U.S. Constitution by turning the Transportation Code into a tool that unlawfully restricts basic rights.

## IV.

## THE STRUCTURAL EVIDENTIARY LOCKOUT AND PARADOXICAL EVASION

14.    Relator formally notified the lower court that the Municipal Clerk

---

**RELATOR'S FIRST SUPPLEMENTAL NOTICE AND RENEWED REQUEST FOR EMERGENCY STAY OF PROCEEDINGS**                    **Page 6**

unconstitutionally barred Relator from submitting exculpatory video evidence to support pending dispositive motions (**See Exhibit B: Notice of Evidentiary Lockout**).

15.     Respondent Judge Graham attempted to defend the clerk by claiming the rejection occurred because evidence cannot be submitted directly to a judge ex parte. However, this excuse falls apart because Relator concurrently filed a formal *Notice of Manual Filing* for the clerk's docket, which was accepted on May 26, 2026 (**See Exhibit G**). When pressed on the issue during the June 2 hearing, Respondent Judge Graham could not articulate *when or how* a defendant is actually permitted to submit video evidence prior to a hearing. **The court provided no remedy**. By failing to provide a functional, lawful mechanism to formally accept and docket video exhibits in support of pre-trial motions, the court forces a severe constitutional paradox.

16.     If all a defendant is allowed to do is present evidence for the very first time at a pre-trial hearing, they are permanently locked out of a defense. The State will inevitably—and cyclically—claim "surprise" and demand a continuance to review it. Because the Municipal Court has no functional, published mechanism to accept video evidence into the record prior to a hearing, it has adopted an unconstitutional de facto

RELATOR'S FIRST SUPPLEMENTAL NOTICE AND RENEWED
REQUEST FOR EMERGENCY STAY OF PROCEEDINGS                    **Page 7**

policy. This *Monell*-style systemic failure actively harms Relator and inevitably harms other citizens in McKinney who are procedurally barred by city agents from mounting a legal defense.

## V.

## BAD-FAITH WEAPONIZATION OF "THE RULE" TO FLOUT THE AMERICANS WITH DISABILITIES ACT

17.    Further demonstrating the malicious and retaliatory nature of this prosecution, the State openly attempted to sabotage Relator's federally protected civil rights. During the June 2, 2026 hearing, Respondent Judge Graham formally recognized and granted *Relator's Americans with Disabilities Act (ADA)* accommodation request, ordering that Relator's wife be permitted to assist at the defense table as his court-ordered Caretaker (**See Exhibit C, Order Granting ADA Accommodation**).

18.    In direct response to this binding order, Junior Prosecutor Molly Craft immediately informed the court that the State reserves the right to "invoke The Rule" (Texas Rule of Evidence 614) at trial to forcibly eject the Caretaker from the courtroom. This is a sick, twisted attempt by the City's prosecutors to use a state evidentiary rule to openly flout a federal civil rights accommodation. There is absolutely zero legitimate

prosecutorial benefit to removing a disabled defendant's medically required caregiver from the room; it is a tactic designed solely to isolate the Relator and manufacture an unfair proceeding. The fact that the State would flagrantly threaten this violation the exact moment the accommodation was signed proves they are operating entirely in bad faith, utterly indifferent to the court's ethical obligation to ensure a fair and lawful trial.

## VI.

## UNCONSTITUTIONAL SUMMARY DENIAL OF
## DISPOSITIVE MOTIONS WITHOUT A HEARING

19.    Perhaps most revealing of the lower court's rush to mask municipal misconduct is how it handled Relator's dispositive pre-trial motions. *Relator's Motion to Dismiss for Vindictive Prosecution* (**See Exhibit D**) and *Motion for Sanctions* (**See Exhibit E**) were backed by forensic government discovery, including internal emails proving First Amendment retaliation. Rather than scheduling a proper evidentiary hearing to review these grave constitutional claims, Respondent Judge Graham executed a summary, blanket denial of both motions on the record (**See Exhibit F, Orders Denying Dispositive Motions**).

20.    The lower court offered no legal reasoning, no findings of fact, and no

analysis to justify sweeping this forensic proof of misconduct under the rug. This summary dismissal of major constitutional claims without due consideration proves the lower court is functioning as a shield for the City's exposure.

21.    The McKinney judiciary systematically accommodates lawbreaking municipal agents. When caught, presiding judges either abdicate their duties entirely—as Judge Autry did—or deploy administrative damage control to let the State bypass the rules and force a trial, as Judge Graham did. This structural bias is precisely why Supreme Court intervention is required.

## VII.
## DE FACTO APPELLATE LOCKOUT: THE DENIAL
## OF CERTIFIED WRITTEN TRANSCRIPTS

22.    Compounding the severe structural violations outlined above, Respondent Judge Graham has actively adopted a de facto policy that functionally locks Relator out of the appellate process. During the June 2, 2026 hearing, the lower court formally denied Relator's request for a court reporter, mandating instead that the record only be preserved via an uncertified audio recording (**See Exhibit C**).

23.    Texas Rule of Appellate Procedure 52.7(a)(2) explicitly commands that a

relator must file "a properly authenticated transcript of any relevant testimony." The Supreme Court of Texas's administrative rules strictly declare that appellate courts "shall have no duty to review any part of an electronic audio or audio-visual recording."

24.    By openly denying the presence of a court reporter and substituting it solely with an audio recording, Respondent Judge Graham is knowingly flouting the Texas Rules of Appellate Procedure. This creates an unconstitutional, cyclical trap: the lower court deprives the Relator of the certified written transcript required by law, forcing the Relator to shoulder the immense financial burden of hiring private transcription services for municipal audio files that *still* lack the official certification of the court. This *Monell*-style policy is purposefully designed to prevent defendants from sustaining their burden of providing a sufficient appellate record, thereby shielding the McKinney Municipal Court's unconstitutional actions from Supreme Court oversight.

## VIII.
### RENEWED REQUEST FOR EMERGENCY STAY

25.    Respondent Judge Graham explicitly stated on the record that the pendency of this Mandamus proceeding will not halt his docket, and he intends to press forward. The State has now rescheduled the Pre-Trial Hearing for July 7, 2026, and a

Jury Trial for July 14, 2026.

26.    It is imperative that this Honorable Court step in and put an end to this vicious cycle. The lower court in McKinney has proven it will not correct its own structural failures. The State has no case; they are pursuing this prosecution simply to use the process itself as a weapon of attrition. Forcing a citizen to continuously appear in person month after month, piling on extra-jurisdictional burdens, executing summary denials of constitutional claims, trapping him under an extortionate license hold, and blocking access to a lawful appellate record is an unconscionable abuse of power. Relator respectfully requests that this Court immediately issue an Emergency Stay of all proceedings in Cause Nos. 25-CD-221801 & 25-CD-221802.

## PRAYER

Relator prays that this Honorable Court take judicial notice of these ongoing violations, grant the Emergency Stay of the July 2026 trial settings, and ultimately issue a Writ of Mandamus compelling the dismissal of these charges with prejudice.

---

Dated this 5th day of June, 2026.

Respectfully submitted,

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

Relator, Pro Se

4100 Eldorado Pkwy, 100 #223

McKinney, TX 75070

(469) 333-0713

info@luceprospectgroup.com

## CERTIFICATION BY UNSWORN DECLARATION

My name is Jacob C. Lucé, my date of birth is June 8, 1989, and my address is 4100 Eldorado Pkwy, 100 #223, McKinney, TX 75070, USA. I declare under penalty of perjury that the factual statements contained in this *First Supplemental Notice and Renewed Request for Emergency Stay of Proceedings* are true and correct based on my personal knowledge. I further declare under penalty of perjury that every document attached to this filing as an Exhibit is a true and correct copy of the original document. Executed in Collin County, State of Texas, on the 5th day of June, 2026.

_____ */s/ Jacob C. Lucé* _____

**Declarant (Jacob C. Lucé)**

## CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Appellate Procedure 9.5(e) and 52.2, I certify that on June 5, 2026, a true and correct copy of this *Supplemental Notice and Renewed Request for Emergency Stay* was served via the *eFileTexas* system and/or electronic mail upon the following:

**Real Party in Interest:** Molly Craft, Prosecutor, mcraft@mckinneytexas.org

**Respondents:** The Fifth Court of Appeals (5ththeclerk@txcourts.gov); Collin County Court at Law No. 7 (acundiff@co.collin.tx.us); McKinney Municipal Court (judicialclerk@mckinneytexas.org); and the Honorable Peter J. Graham, Substituted Presiding Judge, McKinney Municipal Court.

_____ */s/ Jacob C. Lucé* _____

**JACOB C. LUCÉ**

---

## CERTIFICATE OF COMPLIANCE

I certify that this *Supplemental Notice* complies with the typeface requirements of

TRAP 9.4(e) and the word-count limitations of TRAP 9.4(i)(2)(B). Excluding the

portions exempted by TRAP 9.4(i)(1), this document contains **1,550** words.


_____*/s/ Jacob C. Lucé*_____

**JACOB C. LUCÉ**

# INDEX OF EXHIBITS

**Exhibit A:** Original Charging Complaints (December 2025) and In-Court Summons Issued to Defendant on June 2, 2026 (Proving lack of prior lawful service)

**Exhibit B:** Notice of Evidentiary Lockout

**Exhibit C:** McKinney Municipal Court Order Granting ADA Accommodation for Caretaker and Denying Court Reporter (Signed June 2, 2026)

**Exhibit D:** Relator's Motion to Dismiss for Vindictive Prosecution

**Exhibit E:** Relator's Motion for Sanctions for Egregious Prosecutorial Misconduct

**Exhibit F:** McKinney Municipal Court Orders Denying Motion to Dismiss and Motion for Sanctions (Signed June 2, 2026)

**Exhibit G:** Defendant's File-Stamped Notice of Manual Filing (May 26, 2026)

**Exhibit H:** Relator's Emailed Formal Request for Certified Transcript of the June 2, 2026 Hearing (June 5, 2026)

# Exhibit A:

# Original Charging Complaints (December 2025) and

# In-Court Summons Issued to Defendant on June 2,

# 2026 (Proving lack of prior lawful service)

COMPLAINT

| DOCKET # | CITATION # |
|---|---|
| 25CD221801 | 2218 1 |

ANIMAL - FAIL TO RESTRAIN (LEASH)

| STATE OF TEXAS | IN THE MUNICIPAL COURT |
|---|---|
| VS. | CITY OF MCKINNEY |
| JACOB COLTON LUCE | COLLIN COUNTY, TEXAS |

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS I, the undersigned affiant, do solemnly swear that I have good reason to believe and do believe that JACOB COLTON LUCE, hereinafter referred to as defendant, on or about September 25, 2025, and before the making and filing of this complaint, within the territorial limits of the City of McKinney, Collin County, Texas, to wit: 301 STANDIFER STREET,

did then and there unlawfully fail to keep an animal, to wit: A BLACK AND TAN GERMAN SHEPHERD TYPE DOG OR A MIXTURE OF THAT BREED WITH ANOTHER BREED OR BREEDS, under restraint by having the animal secured by a person holding a leash no more than six (6) feet in length and of such strength to control the animal, contrary to City of McKinney Code of Ordinances, Sections 26-1 and 26-14(a).

AGAINST THE PEACE AND DIGNITY OF THE STATE.

*Molly Craft*

AFFIANT

SWORN AND SUBSCRIBED BEFORE ME BY AFFIANT

THIS 26th DAY OF DECEMBER, 2025

_____

NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

OR

COURT CLERK/DEPUTY COURT CLERK /DATE DECEMBER 26, 2025

COMPLAINT

| DOCKET # | CITATION # |
|---|---|
| 25CD221802 | 2218-2 |

INTERFERE DUTIES ANIMAL CONTROL OFFICER

STATE OF TEXAS                                    IN THE MUNICIPAL COURT
        VS.                                             CITY OF MCKINNEY
JACOB COLTON LUCE                            COLLIN COUNTY, TEXAS

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS I, the undersigned affiant, do solemnly swear that I have good reason to believe and do believe that JACOB COLTON LUCE, hereinafter referred to as defendant, on or about September 25, 2025, and before the making and filing of this complaint, within the territorial limits of the City of McKinney, Collin County, Texas, to wit: 301 STANDIFER STREET,

did then and there intentionally or knowingly unlawfully interfere with an animal control officer while the officer was engaged in the performance of his or her duties, to wit:  BY REFUSING TO PROVIDE DEFENDANT'S FULL NAME, DATE OF BIRTH, AND MAILING ADDRESS, as prohibited by City of McKinney Code of Ordinances, Section 26-7(3),

AGAINST THE PEACE AND DIGNITY OF THE STATE.

*Molly Craft*

AFFIANT

SWORN AND SUBSCRIBED BEFORE ME BY AFFIANT

THIS 26th DAY OF DECEMBER, 2025

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

OR

COURT CLERK/DEPUTY COURT CLERK /DATE DECEMBER 26, 2025

**SUMMONS TO APPEAR AT PRE-TRIAL HEARING**
**CAUSE NUMBER:  25CD221802**
**OFFENSE:  INTERFERE DUTIES ANIMAL CONTROL OFFICER**

| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
|---|---|---|
| VS. | § | CITY OF MCKINNEY |
| JACOB COLTON LUCE | § | COLLIN COUNTY, TEXAS |

**TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:**

YOU ARE HEREBY COMMANDED TO SUMMON the Defendant, JACOB COLTON LUCE, to personally appear before the McKinney Municipal Court, 130 S. Chestnut Street, McKinney, Texas 75069; (972) 547-7676 to answer for the above listed charge at a **PRETRIAL HEARING** on:

### July 7, 2026 at 1:30 PM

**To the person summoned above:**

You are ORDERED to personally appear at the McKinney Municipal Court at the time and place stated above and to appear and be present during all proceedings relating to this case. FAILURE TO APPEAR MAY BE PUNISHABLE AS A CLASS C MISDEMEANOR AND A WARRANT OF ARREST MAY BE ISSUED.

It is an offense for a person to intentionally influence or coerce a witness to testify falsely or to elude legal process. It is also a felony offense to harm or threaten to harm a witness or prospective witness in retaliation for or on account of the service of the person as a witness or to prevent or delay the person's service as a witness to a crime.

Se le ordena que comparezca personalmente usted al Tribunal Municipal a la hora y el lugar determinado arriba y que comparezca y esté presente durante la toma de declaración del demandado y en todos los procesamientos relacionados con el caso. La falta de comparecer puede ser castigada como un delito de crimen menor Clase C y resulta en orden de arresto.

Es una ofensa que una persona intencionalmente ejerza influencia o coerción sobre un testigo para que testifique falsamente o para eludir el proceso legal. También es una ofensa de delito grave, o felonía, dañar o amenazar a un testigo o testigo en prospecto por retaliación por o debido al servicio que la persona presta como testigo, o prevenir o dilatar los servicios de la persona como testigo de un crimen.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed this Summons.

WITNESS my official signature, this June 2, 2026 .



x

Judge, McKinney Municipal Cour
Collin County, Texas

-----------------------------------------------------------------------------------------

**OFFICER'S RETURN**

Came to hand the 2nd day of June , 2026, at 244 o'clock P.m., and executed the 2nd day of June , 2026 at 2vm o'clock P.m. by:

☑ Delivering a copy of this Summons to the person personally

☐ Leaving a copy of this Summons at the person's dwelling house or usual place of abode with some person of suitable age (age 18 and up) and discretion then residing therein

☐ Mailing a copy of this Summons to the person's last known address.

Address of Summoned Person:

130 S Chestnut St
Mckinney, Tx 75069

Marshal/ Peace Officer's Signature

COPY

RECEIVED
JUN 0 2 2026    2:49 P.
BY:

SUMMONS TO APPEAR AT TRIAL
CAUSE NUMBER: 25CD221802
OFFENSE: INTERFERE DUTIES ANIMAL CONTROL OFFICER

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| VS. | § | CITY OF MCKINNEY |
| JACOB COLTON LUCE | § | COLLIN COUNTY, TEXAS |

**TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:**

YOU ARE HEREBY COMMANDED TO SUMMON the Defendant, JACOB COLTON LUCE, to personally appear before the McKinney Municipal Court, 130 S. Chestnut Street, McKinney, Texas 75069; (972) 547-7676 to answer for the above listed charge at a TRIAL on:

### July 14, 2026 at 8:30 AM

**To the person summoned above:**

You are ORDERED to personally appear at the McKinney Municipal Court at the time and place stated above and to appear and be present during all proceedings relating to this case. FAILURE TO APPEAR MAY BE PUNISHABLE AS A CLASS C MISDEMEANOR AND A WARRANT OF ARREST MAY BE ISSUED.

It is an offense for a person to intentionally influence or coerce a witness to testify falsely or to elude legal process. It is also a felony offense to harm or threaten to harm a witness or prospective witness in retaliation for or on account of the service of the person as a witness or to prevent or delay the person's service as a witness to a crime.

Se le ordena que comparezca personalmente usted al Tribunal Municipal a la hora y el lugar determinado arriba y que comparezca y esté presente durante la toma de declaración del demandado y en todos los procedamientos relacionados con el caso. La falta de comparecer puede ser castigada como un delito de crimen menor Clase C y resulta en orden de arresto. Es una ofensa que una persona intencionalmente ejerza influencia o coerción sobre un testigo para que testifique falsamente o para eludir el proceso legal. También es una ofensa de delito grave, o felonía, dañar o amenazar a un testigo o testigo en prospecto por retaliación por o debido al servicio que la persona presta como testigo, o prevenir o dilatar los servicios de la persona como testigo de un crimen.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed this Summons.

WITNESS my official signature, this June 2, 2026 .

x [signature]

Judge, McKinney Municipal Court
Collin County, Texas

- - - - - - - - - - - - - - - - - - - - - - - - - - OFFICER'S RETURN - - - - - - - - - - - - - - - - - - - - - - -

Came to hand the 2nd day of June , 2026, at 244 o'clock P .m., and executed the 2nd day of June , 2026 at 244 o'clock P .m. by:

☑ Delivering a copy of this Summons to the person personally

☐ Leaving a copy of this Summons at the person's dwelling house or usual place of abode with some person of suitable age (age 18 and up) and discretion then residing therein

☐ Mailing a copy of this Summons to the person's last known address.

Address of Summoned Person:

130 S Chestnut St
McKinney, Tx 75069

[signature] M200
Marshal/ Peace Officer's Signature

COPY

RECEIVED JUN 0 2 2026   2:48 PM

BY: EC

**SUMMONS TO APPEAR AT PRE-TRIAL HEARING**
CAUSE NUMBER: 25CD221801
OFFENSE: ANIMAL - FAIL TO RESTRAIN (LEASH)

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| VS. | § | CITY OF MCKINNEY |
| JACOB COLTON LUCE | § | COLLIN COUNTY, TEXAS |

**TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:**

YOU ARE HEREBY COMMANDED TO SUMMON the Defendant, JACOB COLTON LUCE, to personally appear before the McKinney Municipal Court, 130 S. Chestnut Street, McKinney, Texas 75069; (972) 547-7676 to answer for the above listed charge at a **PRETRIAL HEARING** on:

### July 7, 2026 at 1:30 PM

To the person summoned above:

You are ORDERED to personally appear at the McKinney Municipal Court at the time and place stated above and to appear and be present during all proceedings relating to this case. **FAILURE TO APPEAR MAY BE PUNISHABLE AS A CLASS C MISDEMEANOR AND A WARRANT OF ARREST MAY BE ISSUED.**

It is an offense for a person to intentionally influence or coerce a witness to testify falsely or to elude legal process. It is also a felony offense to harm or threaten to harm a witness or prospective witness in retaliation for or on account of the service of the person as a witness or to prevent or delay the person's service as a witness to a crime.

Se le ordena que comparezca personalmente usted al Tribunal Municipal a la hora y el lugar determinado arriba y que comparezca y esté presente durante la toma de declaración del demandado y en todos los procesamientos relacionados con el caso. La falta de comparecer puede ser castigada como un delito de crimen menor Clase C y resulta en orden de arresto.

Es una ofensa que una persona intencionalmente ejerza influencia o coerción sobre un testigo para que testifique falsamente o para eludir el proceso legal. También es una ofensa de delito grave, o felonía, dañar o amenazar a un testigo o testigo en prospecto por retaliación por o debido al servicio que la persona presta como testigo, o prevenir o dilatar los servicios de la persona como testigo de un crimen.

**HEREIN FAIL NOT**, and make due return hereof, showing how you have executed this Summons.

**WITNESS** my official signature, this June 2, 2026.



Judge, McKinney Municipal Court
Collin County, Texas.

---------------------------------------------------------------------------------------------------------------------------

**OFFICER'S RETURN**

Came to hand the 2nd day of June, 2026, at 244 o'clock P.m., and executed the 2nd day of June, 2026 at 244 o'clock P.m. by:

☑ Delivering a copy of this Summons to the person personally

☐ Leaving a copy of this Summons at the person's dwelling house or usual place of abode with some person of suitable age (age 18 and up) and discretion then residing therein

☐ Mailing a copy of this Summons to the person's last known address.

Address of Summoned Person:

130 S Chestnut St
McKinny, Tx 75069

Pamela M200
Marshal/ Peace Officer's Signature

COPY

RECEIVED 2:50 PM
JUN 0 2 2026
BY: EL

## SUMMONS TO APPEAR AT TRIAL
### CAUSE NUMBER: 25C D221801
### OFFENSE: ANIMAL - FAIL TO RESTRAIN (LEASH)

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| VS. | § | CITY OF MCKINNEY |
| JACOB COLTON LUCE | § | COLLIN COUNTY, TEXAS |

**TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:**

YOU ARE HEREBY COMMANDED TO SUMMON the Defendant, JACOB COLTON LUCE, to personally appear before the McKinney Municipal Court, 130 S. Chestnut Street, McKinney, Texas 75069, (972) 547-7676, to answer for the above about charge at a **TRIAL** on:

### July 14, 2026 at 8:30 AM

To the person summoned above:

You are ORDERED to personally appear at the McKinney Municipal Court at the time and place stated above and to appear and be present during all proceedings relating to this case. **FAILURE TO APPEAR MAY BE PUNISHABLE AS A CLASS C M SDEMEANOR AND A WARRANT OF ARREST MAY BE ISSUED.**

It is an offense for a person to intentionally influence or coerce a witness to testify falsely or to elude legal process. It is also a felony offense to harm or threaten to harm a witness or prospective witness in retaliation for or on account of the service of the person as a witness or to prevent or delay the person's service as a witness to a crime.

Se le ordena que comparezca personalmente usted al Tribunal Municipal a la hora y el lugar determinado arriba y que comparezca y esté presente durante la toma de declaración del demandado y en todos los procesamientos relacionados con el caso. La falta de comparecer puede ser castigada como un delito de crimen menor Clase C y resulta en orden de arresto. Es una ofensa que una persona intencionalmente ejerza influencia o coerción sobre un testigo para que testifique falsamente o para eludir el proceso legal. También es una ofensa de delito grave, o felonía, dañar o amenazar a un testigo o testigo en prospecto por retaliación por o debido al servicio que la persona presta como testigo, o prevenir o dilatar los servicios de la persona como testigo de un crimen.

**HEREIN FAIL NOT**, and make due return hereof, showing how you have executed this Summons.

**WITNESS** my official signature, this June 2, 2026.



Judge, McKinney Municipal Court
Collin County, Texas.

---

### OFFICER'S RETURN

Came to hand the 2nd day of June, 2026 at 2PM o'clock P.m., and executed the 2nd day of June, 2026 at 2PM o'clock P.m. by:

☑ Delivering a copy of this Summons to the person personally

☐ Leaving a copy of this Summons at the person's dwelling house or usual place of abode with some person of suitable age (age 18 and up) and discretion then residing therein

☐ Mailing a copy of this Summons to the person's last known address.

Address of Summoned Person:

130 S Chestnut St
McKinney, TX 75069



Marshal/ Peace Officer's Signature

COPY



RECEIVED
JUN 02 2026    2:50 PM
BY: EL

# Exhibit B: Notice of Evidentiary Lockout

RCVD EMAIL 5/29/2026 @ 1:00 PM

**CAUSE NOS. 25-CD-221801 & 25-CD-221802**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE MUNICIPAL COURT** |
| **v.** | § | |
| **JACOB C. LUCE,** | § | **CITY OF MCKINNEY** |
| **Defendant.** | § | **COLLIN COUNTY, TEXAS** |

## DEFENDANT'S NOTICE OF UNCONSTITUTIONAL EVIDENTIARY LOCKOUT AND DENIAL OF DUE PROCESS

**TO THE HONORABLE JUDGE:**

Defendant Jacob C. Lucé, proceeding *pro se,* files this urgent Notice to formally apprise the Court of an unconstitutional evidentiary lockout being actively orchestrated by the municipal clerk's office. The Court's administrative staff has explicitly and extrajudicially barred the Defendant from submitting physical evidence onto the record to support his pending pre-trial motions. This unilateral gatekeeping by ministerial staff represents a severe deprivation of fundamental rights guaranteed by both the Texas and United States Constitutions.

**I.**

**THE EVIDENTIARY LOCKOUT**

1.     On May 26, 2026, Defendant filed a series of dispositive pre-trial motions, including a *Motion to Dismiss for Vindictive Prosecution* and a *Motion for Sanctions for Egregious Prosecutorial*

---

**DEFENDANT'S NOTICE OF UNCONSTITUTIONAL EVIDENTIARY LOCKOUT AND DENIAL OF DUE PROCESS**                                                                    **Page 1**

*Misconduct*.

2.      To properly support the factual claims in these motions, Defendant concurrently filed a formal *Notice of Manual Filing* and physically delivered USB flash drives to the municipal clerk containing highly exculpatory video and police bodycam evidence (**See Exhibit A, File-Stamped Notice of Manual Filing**).

3.      On May 28, 2026, McKinney Municipal Court Clerk April Morman sent an email unilaterally rejecting and returning Defendant's physical USB video evidence. The clerk explicitly stated in writing that the court *"cannot accept evidence prior to your trial date,"* thereby effectively barring the Defendant from establishing an evidentiary record for his pre-trial motions (**See Exhibit B, Email from Clerk April Morman**).

## II.

## BLATANT VIOLATION OF STATE AND FEDERAL CONSTITUTIONS

4.      Court clerks are strictly ministerial officers. They possess absolutely no judicial or statutory authority to rule on the admissibility, timing, or validity of evidentiary exhibits attached to formally filed pre-trial motions.

5.      By refusing to docket physical evidence that proves the Defendant's claims of prosecutorial misconduct, the clerk's office is operating an administrative blockade that deprives the Defendant of his Sixth Amendment right to present a meaningful defense and violates the Due Process protections of the Fourteenth Amendment.

6.      The clerk's actions directly violate Article 1, Section 10 of the Texas Constitution,

which guarantees the accused the right to be heard and to obtain and produce evidence in their favor. Furthermore, barring a citizen from supplementing the official court record prior to a critical pre-trial hearing violates the "due course of law" mandated by Article 1, Section 19.

7.    It is procedurally impossible for this Court to hold a fair hearing on a *Motion to Dismiss* or a *Motion for Sanctions* when the Court's own administrative staff is actively preventing the Defendant from placing the supporting evidence onto the judge's desk.

## III.

## PRAYER FOR RELIEF

Because the administrative apparatus of this Court cannot be utilized to unconstitutionally lock a Defendant out of their own defense, Defendant respectfully requests that the Court:

A.    **TAKE JUDICIAL NOTICE** of the unconstitutional evidentiary lockout orchestrated by the municipal clerk's office;

B.    **ORDER** the municipal clerk's office to immediately accept, docket, and retain the Defendant's physically submitted USB video evidence pursuant to his May 26, 2026 Notice of Manual Filing; and

C.    Grant any other relief to which Defendant is justly entitled to cure this severe Due Process violation.

Dated this 29th day of May, 2026.

Respectfully submitted,

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

Defendant, Pro Se

4100 Eldorado Pkwy, 100 #223

McKinney, TX 75070

(469) 333-0713

info@luceprospectgroup.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Objection was served via electronic mail upon the Prosecutor for the City of McKinney, Molly Craft (mcraft@mckinneytexas.org), on this 29th day of May, 2026.

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

---

**DEFENDANT'S NOTICE OF UNCONSTITUTIONAL EVIDENTIARY LOCKOUT AND DENIAL OF DUE PROCESS**                                                                    **Page 4**

## INDEX OF EXHIBITS

**Exhibit A:** Defendant's File-Stamped Notice of Manual Filing (May 26, 2026)

**Exhibit B:** Official Communication from McKinney Municipal Court Clerk April Morman

Rejecting Defendant's Evidence (May 28, 2026)

# Exhibit A:

# Defendant's File-Stamped Notice of Manual Filing

# (May 26, 2026)

CAUSE NOS. 25-CD-221801 & 25-CD-221802

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| v. | § | |
| JACOB C. LUCE, | § | CITY OF MCKINNEY |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## DEFENDANT'S NOTICE OF MANUAL FILING OF VIDEO EVIDENCE EXHIBITS

### TO THE HONORABLE JUDGE AND THE CLERK OF THE COURT:

Please take notice that Defendant Jacob C. Lucé, proceeding *pro se*, has manually filed the following evidentiary exhibits with the Clerk of the McKinney Municipal Court:

**1. EXHIBIT B: Neighboring Building Video Footage of September 25, 2025 Incident.**

**2. EXHIBIT C: Starbucks MPD Bodycam Footage on September 26, 2025.**

These exhibits are heavily referenced in Defendant's concurrently filed *Motion to Dismiss for Vindictive Prosecution*, *Motion for Sanctions for Egregious Prosecutorial Misconduct*, and *Motion in Limine*. Because these exhibits are in a video format (.mp4) and cannot be converted to a static document or uploaded via standard electronic filing, they have been placed on a physical USB flash drive and submitted manually to the Court. A true and correct physical copy of this USB drive is being concurrently served upon the Prosecutor for the City of McKinney, Molly Craft.

RECEIVED
MAY 2 6 2026
BY:

---

DEFENDANT'S NOTICE OF MANUAL FILING OF VIDEO EVIDENCE EXHIBITS                    Page 1

Dated this 26th day of May, 2026.

Respectfully submitted,

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

Defendant, Pro Se

4100 Eldorado Pkwy, 100 #223

McKinney, TX 75070

(469) 333-0713

info@luceprospectgroup.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice was served via electronic mail upon the

Prosecutor for the City of McKinney, Molly Craft (mcraft@mckinneytexas.org), on this 26th day of

May, 2026.

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**



RECEIVED
MAY 2 6 2026
BY:

---

**DEFENDANT'S NOTICE OF MANUAL FILING OF VIDEO EVIDENCE EXHIBITS**    **Page 2**

# Exhibit B:

# Official Communication from McKinney Municipal Court Clerk April Morman Rejecting Defendant's Evidence (May 28, 2026)

 Gmail

**Jacob Lucé**

## Returning Evidence (Cause No. 25CD221801 & 25CD221802)

1 message

**April Morman** <amorman@mckinneytexas.org>                      Thu, May 28, 2026 at 4:05 PM
To: "info@luceprospectgroup.com"

Good afternoon, Mr. Luce.

The court is returning the evidence you submitted on a USB flash drive on May 26, 2026.  Because the court cannot accept evidence prior to your trial date, the materials are being sent back to you.  The evidence will be mailed to your current address on file.

Thank you,

April

April Morman

Court Administrator

City of McKinney

Municipal Court

Direct: 972-547-7674

www.mckinneytexas.org



The material in this e-mail is intended only for the use of the individual to whom it is addressed and may contain information that is confidential, privileged, and exempt from disclosure under applicable law. If you are not the intended recipient, be advised that the unauthorized review, use, disclosure, duplication, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you have received this e-mail in error, please notify the sender by return email and destroy all electronic and paper copies of the original message and any attachments immediately. Please note that neither City of McKinney nor the sender accepts any responsibility for viruses and it is your responsibility to scan attachments (if any). Thank You.

**Exhibit C:**

**McKinney Municipal Court Order Granting ADA Accommodation for Caretaker and Denying Court Reporter (Signed June 2, 2026)**



COPY

CASE(S): 25CD221801 & 25CD221802

| STATE OF TEXAS | I | IN THE MUNICIPAL COURT |
|---|---|---|
| v. | I | CITY OF McKINNEY |
| JACOB LUCE, Defendant | I | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S "FORMAL REQUEST" FOR AN OFFICIAL COURT REPORTER RECORD AND REASONABLE ADA ACCOMODATIONS

On this ___2nd___ day of June , 2026, the Court, having considered the Motion, attached exhibits, and the argument of the Defendant and the State, finds that the Motion should be:

1) GRANTED: _AS TO A RECORD BY RECORDING AND FOR LAUREN GIFFORD TO ASSIST AS CARETAKER TO THE DEFENDANT._

2) DENIED.– AS TO A COURT REPORTER REQUIRED.

3) OTHER: _____
_____
_____

Signed this _2nd_ day of June 2026.

_____

Peter J. Graham, Judge

McKinney Municipal Court

RECEIVED
JUN 0 2 2026
BY: ___ @ 1:39 pm

# Exhibit D:

# Relator's Motion to Dismiss for Vindictive Prosecution

RCVD CC 5/26/2026 11:00 AM

**CAUSE NOS. 25-CD-221801 & 25-CD-221802**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE MUNICIPAL COURT** |
| **v.** | § | |
| **JACOB C. LUCE,** | § | **CITY OF MCKINNEY** |
| **Defendant.** | § | **COLLIN COUNTY, TEXAS** |

## DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION AND PROSECUTORIAL MISCONDUCT

### TO THE HONORABLE JUDGE:

Defendant Jacob C. Lucé, proceeding *pro se*, respectfully files this Motion to Dismiss the above-styled causes with prejudice. This Court has yet to establish fundamental jurisdiction over the Defendant, having previously refused to rule upon Defendant's timely filed Rule 120a Special Appearance (as valid service has still not been achieved), nor has the Court formally addressed the pending official ADA motion or Defendant's prior motion to lift the retaliatory *OmniBase* hold on his driver's license renewal. The State's own recently produced discovery irrefutably establishes that this prosecution is not a legitimate code enforcement action. Rather, it is a bad-faith, vindictive prosecution initiated as direct retaliation against the Defendant for exercising his First Amendment right to petition the government. The discovery proves that the State's prosecutors initiated and maintained these charges with full knowledge that absolutely zero objective evidence existed to support

---

them. To protect the integrity of this Court, these charges must be dismissed with prejudice.

## I.

## FACTUAL BACKGROUND: THE STATE'S CATASTROPHIC EVIDENTIARY FAILURE

1.      The State of Texas, via the City of McKinney, is prosecuting Defendant for alleged Class C misdemeanors stemming from multiple encounters with Animal Control Officer Kyle Fiddes on September 25 and 26, 2025.

2.      On May 5, 2026, pursuant to this Court's orders, the State produced its untimely discovery. This production included internal records—voluntarily surrendered by the State—that conclusively disprove the prosecution's case in its entirety.

3.      **Law Enforcement Exoneration and Admission of No Evidence:** The discovery includes the official McKinney Police Department (MPD) Event Log (**Exhibit A,** Event ID: 2025-111051) generated during the September 26, 2025 encounter. MPD Officer Jared Istre formally documented that Animal Control Officer Kyle Fiddes explicitly admitted to MPD that he lacked evidence of a crime. City agent A. Roberts officially wrote:

* *"Kyle Fiddes (Animal Control) stated he made contact with the subjects yesterday... Fiddes has no proof of this incident."* (**See Exhibit A, MPD Event Log**).

* *"Upon making contact with the subject today... due to no violation being present, it was determined the best course of action would be to disengage."* (**See Exhibit A, MPD Event Log**).

4.      **Video Evidence Proving Premeditated Assault, Not a Code Violation:** The State's discovery further includes video footage from a neighboring building (not park property)

overlooking the crosswalk on September 25, 2025. This video does not show an "at-large" dog leash violation; instead, it visually confirms that Agent Fiddes pulled up to a crosswalk, waited more than 13 seconds observing the Defendant's family, and intentionally accelerated a multi-ton government vehicle toward them. (**See Exhibit B, Neighboring Building Video Footage**).

5.      **The Intimidation at Starbucks:** This targeted harassment continued the very next day, September 26, 2025, inside a local Starbucks. More than fourteen minutes of MPD bodycam footage captures Agent Fiddes repeatedly and unconstitutionally demanding the Defendant's identification without reasonable suspicion or probable cause. The footage captures the Defendant completely dismantling the State's unconstitutional posture on film and in public, exposing the fact that City agents could not keep their hands off of his family despite possessing absolutely zero evidence of any violation. (**See Exhibit C, Starbucks Bodycam Footage**).

6.      **Written Proof of Retaliatory Motive:** Despite MPD confirming there was "*no evidence*" and "*no proof*" of any violations, Animal Control still pursued the charges. The State's discovery drive reveals exactly why. Internal communications confirm that Agent Fiddes and Animal Control Supervisor Hannah Golden explicitly surveilled the Defendant using government systems (including *NaviLine*), discussed the fact that he is actively suing the City, and subsequently green-lit the charges. On Friday, September 26, 2025, Golden emailed Director Phillip Hubbard for executive guidance on "*how to proceed with the case*." Although the State failed to produce Hubbard's subsequent response in discovery, text messages confirm that exactly three days later, Golden explicitly authorized Agent Fiddes to file the citations. In her initial email to the Director of Code Services, Phillip Hubbard, Golden admitted:

---

**DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION AND PROSECUTORIAL MISCONDUCT**                                                     **Page 3**

* *"After doing some skip tracing, Kyle [Fiddes] found this individual to be Jacob Luce, who is actively suing the city of McKinney..."* (**See Exhibit D, Golden-Hubbard Email**).

7.      In that same email, Supervisor Golden explicitly admits to the Fourth Amendment violation by Agent Fiddes on September 26, acknowledging her agent lacked probable cause to engage or approach the family:

* *"Kyle did confront the residents today while they were not actively committing an offense..."* (**See Exhibit D, Golden-Hubbard Email**).

8.      **First Amendment Surveillance in Lieu of Evidence:** Desperate to build a case where *"no proof"* existed, the State resorted to unconstitutional surveillance. During discovery, City Prosecutor Molly Craft produced an actual time-stamped social media photo of the Defendant, his wife, and their German Shepherd service dog (Jaden) taken on a completely different day at a completely different location. Ironically, the photo shows Jaden actively wearing her service dog vest and safely secured on her leash. This photograph does not constitute evidence of the alleged offense; it constitutes absolute proof that the City is scraping and surveilling a citizen's personal social media to bully, harass, and intimidate them. (**See Exhibit E, Time-Stamped Social Media Photograph**).

9.      **Administrative Extortion:** Because the State possessed no objective evidence of a crime, its agents resorted to administrative coercion. The State has weaponized the *OmniBase* system to place a retaliatory hold on the renewal of Defendant's Texas driver's license. By deploying this administrative punishment, the City has effectively declared the Defendant guilty in an attempt to extort convictions before this Court has even established fundamental jurisdiction.

---

DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
AND PROSECUTORIAL MISCONDUCT                                                          **Page 4**

## II.

## ARGUMENT & LEGAL AUTHORITY

10.     A prosecution brought in bad faith, for the purpose of harassment, or in retaliation for a defendant's exercise of constitutional rights is vindictive and violates the Due Process Clause of the Fourteenth Amendment and the Due Course of Law Clause of the Texas Constitution (Tex. Const. art. I, § 19).

11.     The State cannot claim they pursued these charges based on a good-faith belief that they could secure convictions. That defense is entirely obliterated by the State's own records. The State's prosecutors have possessed the MPD Event Log and the video evidence since September 2025. They have known since the inception of this case that actual law enforcement officers concluded there was "*no proof*", "*no evidence*", and "*no violation.*" They have known their own video evidence shows a targeted vehicular assault, not a code violation. Yet, they proceeded to maliciously prosecute anyway.

12.     The government cannot be given a free pass to take open shots at its law-abiding citizens, only to retreat without consequence when the citizens systematically disprove the government's fabricated theories and unconstitutional behavior.

13.     Furthermore, this malicious prosecution has been tainted from its inception, characterized by Chief Prosecutor Stephen James Fagen engaging in unconstitutional *ex-parte* communications and hand-signaling with former presiding Judge Steven Autry during the initial proceedings.

13.     Prosecutorial misconduct occurs when an agent of the State maintains a prosecution while possessing explicit, exculpatory evidence proving the Defendant committed no crime. By

ignoring the MPD exoneration and attempting to substitute actual evidence with unconstitutional surveillance of the Defendant's family, the State of Texas has severely compromised the integrity of this tribunal.

14.    This Court cannot be used as an administrative weapon to chill Constitutionally-protected free speech, cover up a municipal assault, or retaliate against civil litigants.

## III.

## PRAYER FOR RELIEF

Because the State's own evidence proves a total lack of probable cause, an explicit retaliatory motive, and a documented admission of zero objective evidence, Defendant respectfully requests that the Court **GRANT** this Motion, **ORDER** the immediate removal of any *OmniBase* or administrative holds placed on Defendant's driver's license, and **DISMISS** Cause Nos. 25-CD-221801 and 25-CD-221802 with prejudice, and grant such other relief to which Defendant may be justly entitled.

Dated this 26th day of May, 2026.

Respectfully submitted,

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

Defendant, Pro Se

4100 Eldorado Pkwy, 100 #223

McKinney, TX 75070

(469) 333-0713

info@luceprospectgroup.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion and all attachments was served via electronic mail upon the Prosecutor for the City of McKinney, Molly Craft (mcraft@mckinneytexas.org), on this 26th day of May, 2026.

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

# INDEX OF EXHIBITS

**Exhibit A:** Official McKinney Police Department (MPD) Event Log Documenting Fiddes's Admission of "No Proof" (Sept 26, 2025)

**Exhibit B:** Neighboring Building Video Footage of September 25, 2025 Incident (Submitted Manually via USB Drive)

**Exhibit C:** Starbucks MPD Bodycam Footage on September 26, 2025 (Submitted Manually via USB Drive)

**Exhibit D:** Internal Email from Supervisor Golden Admitting to 'Skip-Tracing', First Amendment Retaliation, and Fourth Amendment Violation (Sept 26, 2025)

**Exhibit E:** Time-Stamped Social Media Photograph of Defendant's Family and Leashed Service Dog

**Exhibit A:**

**Official McKinney Police Department (MPD) Event Log Documenting Fiddes's Admission of "No Proof" (Sept 26, 2025)**

User: MCRAFT | **MCKINNEY POLICE DEPARTMENT** | 04/27/26 12:42:25

## Event Report

**Event ID:** **2025-111051**    Call Ref #:  646                    Date/Time Received:  09/26/25 12:08:02

| | | | Services Involved | |
|---|---|---|---|---|
| Rpt #: | Call Source: PHONE | Prime Unit: | 1C67 ISTRE, JARED VINCENT | **LAW** |

Location:  **409 S MCDONALD ST**

X-ST:  *BEVOE ST*                                   Jur:  CAD   Service:  LAW   Agency:  MPD
          *E STANDIFER ST*                           St/Beat:  C8    District:  C         RA:  Q15

Business:  STARBUCKS                    Phone:  (  )  -                              GP:  P59

Nature:  **ASSIST OTHER AGENCY**        Alarm Lvl:   1   Priority:  5        Medical Priority:

Caller:  FIDDES,KYLE                                                      Alarm:

Addr:                              Phone:  (469) 260-8970         Alarm Type:

Vehicle #:            St:           Report Only:  No        Race:        Sex:        Age:

Call Taker:  AROBERTS                        Console:  D5

Geo-Verified Addr.:  Yes  Nature Summary Code:  ASST  Disposition:  N11      Close Comments:

Notes:    Kyle Fiddes(Animal Control) stated he made contact with the subjects yesterday and noticed their dogs were off leash. When Kyle attempted to ticket them yesterday, both subjects fled. Fiddes has no proof of this incident. Upon making contact with the subject today, he refused to provide his ID to Fiddes and due to no violation being present, it was determined the best course of action would be to disengage. Officer Istre had a conversation with the subject who refused to identify himself and recorded the conversation. Officer Istre was able deescalate Fiddes and the subject. Ultimately Fiddes was advised to leave the scene as Officers had no evidence of a crime.  [09/26/25 12:38:26 Unit:1C67]
rp w/ COM animal control - req ofcr stand by while he issues citations to customers inside the busn who he has issues w/ yesterday  [09/26/25 12:08:30 AROBERTS]

| **Times** | |
|---|---|

| | | | |
|---|---|---|---|
| Call Received: | 09/26/25 12:08:02 | Time From Call Received | |
| Call Routed: | 09/26/25 12:08:30 | 000:00:28 | Unit Reaction:  000:07:47  *(1st Dispatch to 1st Arrive)* |
| Call Take Finished: | 09/26/25 12:08:30 | 000:00:28 | En-Route:  000:00:03  *(1st Dispatch to 1st En-Route)* |
| 1st Dispatch: | 09/26/25 12:10:48 | 000:02:46 *(Time Held)* | On-Scene:  000:20:03  *(1st Arrive to Last Clear)* |
| 1st En-Route: | 09/26/25 12:10:51 | 000:02:49 | |
| 1st Arrive: | 09/26/25 12:18:35 | 000:10:33 *(Reaction Time)* | |
| Last Clear: | 09/26/25 12:38:38 | 000:30:36 | |

### Radio Log

| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| 1C67 | *17052* | DXY | DispatchXY | 09/26/25 12:10:48 | 2539102.75,7114752.50 | | JMAXWE |
| 1C67 | *17052* | D | Dispatched | 09/26/25 12:10:48 | Stat/Beat: C19 | | JMAXWE |
| 1C67 | *17052* | E | En-Route | 09/26/25 12:10:51 | | | Unit:1C67 |
| 1C67 | *17052* | A | Arrived | 09/26/25 12:18:35 | | | Unit:1C67 |
| 1C67 | *17052* | C | Cleared | 09/26/25 12:38:38 | | N11 | JISTRE |

### Event Log

| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| | | TR | Time Received | 09/26/25 12:08:02 | By: PHONE | | AROBER |
| | | DLS | Duplicate List | 09/26/25 12:08:04 | Potential Duplicate Events Listed (2 | | AROBER |
| | | ENT | Entered Street | 09/26/25 12:08:06 | 409 S MCDONALD ST | | AROBER |
| | | ENT | Entered Nature | 09/26/25 12:08:07 | ASSIST OTHER AGENCY | | AROBER |

*r_inci*                                                                Page 1

Event ID:   2023-111051    Call Ref #:   646    **ASSIST OTHER AGENCY at 409 S MCDONALD ST**

**Event Log**

| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
|------|---------|------|-------------|------------|----------|------------|------|
| | | ENT | Entered Remarks | 09/26/25 12:08:30 | | | AROBER |
| | | FIN | Finished Call Taking | 09/26/25 12:08:30 | | | AROBER |
| | | ENT | Entered | 09/26/25 12:08:38 | FIDDES,KYLE | | AROBER |
| | | ENT | Entered CallerPhone | 09/26/25 12:08:41 | 4692608970 | | AROBER |
| | | VEV | Viewed Event | 09/26/25 12:10:12 | User First Viewed Event CAD | | JMAXWE |
| | | VEV | Viewed Event | 09/26/25 12:10:12 | User First Viewed Event CAD | | CREGNE |
| | | ARM | Added Remarks | 09/26/25 12:38:26 | | | Unit:1C67 |

**Exhibit B:**

**Neighboring Building Video Footage of September 25, 2025 Incident (Submitted Manually via USB Drive)**

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| JACOB C. LUCÉ and | § | |
| LAUREN L. GIFFORD, | § | |
| Plaintiffs, | § | |
| v. | § | **Case No. 4:26-cv-00191-SDJ-BJD** |
| **CITY OF MCKINNEY, TEXAS;** | § | **COMPLAINT FILED:** |
| and K. FIDDES, in his individual capacity, | § | **FEBRUARY 20, 2026** |
| Defendants. | § | |

**PLAINTIFFS' NOTICE OF MANUAL FILING REGARDING EXHIBITS B AND C**

**(VIDEO EVIDENCE) TO THE FIFTH SUPPLEMENTAL NOTICE**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Please take notice that Plaintiffs Jacob C. Lucé and Lauren L. Gifford, proceeding *pro se*, have manually filed the following documents / exhibits with the Clerk of the Court:

**1. EXHIBIT B: Neighboring Building Video Footage of September 25, 2025 Incident.**

**2. EXHIBIT C: Starbucks MPD Bodycam Footage on September 26, 2025.**

---

These exhibits are attachments to Plaintiffs' *Fifth Supplemental Notice Regarding Forensic Discovery Revelations, Prosecutorial Misconduct, and the Bad Faith Exception to Younger Abstention*, filed concurrently on this date.

These exhibits are in a video format (.mp4) and have been placed on a physical USB flash drive. Because these exhibits cannot be converted to a PDF format and exceed the technical limitations of the Court's CM/ECF electronic filing system, they are being submitted manually to the Clerk's Office pursuant to the local rules of the Eastern District of Texas.

A true and correct physical copy of this USB drive is being concurrently served upon Defense Counsel via certified U.S. Mail.

Dated this 26th day of May, 2026.

Respectfully submitted,

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

*/s/ Lauren L. Gifford*

**LAUREN L. GIFFORD**

4100 Eldorado Pkwy, 100 #223

McKinney, TX 75070

(469) 333-0713

info@luceprospectgroup.com

Plaintiffs, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on **May 26, 2026**, a true and correct copy of the foregoing was filed with

the Clerk of the Court and served upon counsel of record via the Court's CM/ECF system.


_____*/s/ Jacob C. Lucé*_____

**JACOB C. LUCÉ**


_____*/s/ Lauren L. Gifford*_____

**LAUREN L. GIFFORD**

---

**Exhibit C:**

**Starbucks MPD Bodycam Footage on September 26, 2025 (Submitted Manually via USB Drive)**

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION**

| | | |
|---|---|---|
| JACOB C. LUCÉ and | § | |
| LAUREN L. GIFFORD, | § | |
| Plaintiffs, | § | |
| v. | § | Case No. 4:26-cv-00191-SDJ-BJD |
| CITY OF MCKINNEY, TEXAS; | § | COMPLAINT FILED: |
| and K. FIDDES, in his individual capacity, | § | FEBRUARY 20, 2026 |
| Defendants. | § | |

## PLAINTIFFS' NOTICE OF MANUAL FILING REGARDING EXHIBITS B AND C (VIDEO EVIDENCE) TO THE FIFTH SUPPLEMENTAL NOTICE

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Please take notice that Plaintiffs Jacob C. Lucé and Lauren L. Gifford, proceeding *pro se*, have manually filed the following documents / exhibits with the Clerk of the Court:

**1. EXHIBIT B: Neighboring Building Video Footage of September 25, 2025 Incident.**

**2. EXHIBIT C: Starbucks MPD Bodycam Footage on September 26, 2025.**

These exhibits are attachments to Plaintiffs' *Fifth Supplemental Notice Regarding Forensic Discovery Revelations, Prosecutorial Misconduct, and the Bad Faith Exception to Younger Abstention*, filed concurrently on this date.

These exhibits are in a video format (.mp4) and have been placed on a physical USB flash drive. Because these exhibits cannot be converted to a PDF format and exceed the technical limitations of the Court's CM/ECF electronic filing system, they are being submitted manually to the Clerk's Office pursuant to the local rules of the Eastern District of Texas.

A true and correct physical copy of this USB drive is being concurrently served upon Defense Counsel via certified U.S. Mail.

Dated this 26th day of May, 2026.

Respectfully submitted,

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

*/s/ Lauren L. Gifford*

**LAUREN L. GIFFORD**

4100 Eldorado Pkwy, 100 #223

McKinney, TX 75070

(469) 333-0713

info@luceprospectgroup.com

Plaintiffs, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on **May 26, 2026**, a true and correct copy of the foregoing was filed with

the Clerk of the Court and served upon counsel of record via the Court's CM/ECF system.


_____/s/ Jacob C. Lucé_____

**JACOB C. LUCÉ**


_____/s/ Lauren L. Gifford_____

**LAUREN L. GIFFORD**

**Exhibit D:**

**Internal Email from Supervisor Golden Admitting to
'Skip-Tracing', First Amendment Retaliation, and
Fourth Amendment Violation (Sept 26, 2025)**

## Molly Craft

---

| | |
|---|---|
| **From:** | Hannah Golden |
| **Sent:** | Friday, September 26, 2025 5:18 PM |
| **To:** | Phillip Hubbard |
| **Subject:** | Running At Large Case -- Kyle |

In reference to the case I mentioned earlier and the gentleman who Kyle confronted earlier today:

After doing some skip tracing, Kyle found this individual to be Jacob Luce, who is actively suing the city of McKinney for his arrest some time ago. Kyle was able to obtain video from a neighboring facility of the incident this man complained of, and the dog running at large.

Kyle did confront the residents today while they were not actively committing an offense—he confronted them in attempt to issue a citation that these residents avoided yesterday when they jogged away from him mid discussion. I did advise against confronting residents in public spaces if they are not actively committing an offense in the future.

I'd like your advice on how to proceed with the case when we come back next week, but I wanted to loop you in before the weekend should anything arise.

RAL2025-09-01372 (Currently in progress, all info may not be present yet)

**Hannah Golden**
*Manager - Animal Services*

City of McKinney | Animal Services Department
401 East Virginia St. | McKinney, TX 75069
Direct: 972.547.7483 | Main: 972.547.7445
hgolden@mckinneytexas.org | animalservices@mckinneytx.org



**Exhibit E**

**Time-Stamped Social Media Photograph of Defendant's Family and Leashed Service Dog**

Jacob C. Lové
September 28 at 5:05 PM · 🌐

Spent quality time walking around downtown with Lady Lauren & Jaden the German Shepherd. It was great to connect with the people in our community and be reminded of wha... **See more**



👍❤️😍 16                                                    3 shares

 Like          💬 Comment           Share

# Exhibit E:

# Relator's Motion for Sanctions for Egregious Prosecutorial Misconduct

RCVD CC 5/26/2026 11:00 AM

**CAUSE NOS. 25-CD-221801 & 25-CD-221802**

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| v. | § | |
| JACOB C. LUCE, | § | CITY OF MCKINNEY |
| Defendant. | § | COLLIN COUNTY, TEXAS |

**DEFENDANT'S MOTION FOR SANCTIONS FOR EGREGIOUS PROSECUTORIAL MISCONDUCT AGAINST PROSECUTORS STEPHEN JAMES FAGEN AND MOLLY CRAFT**

**TO THE HONORABLE JUDGE:**

Defendant Jacob C. Lucé, proceeding *pro se*, respectfully files this Motion for Sanctions against City of McKinney Prosecutors Stephen James Fagen and Molly Craft. Officers of the court are bound by the Texas Code of Criminal Procedure to see that justice is done, not merely to secure convictions. Instead, Prosecutors Fagen and Craft have actively worked in tandem to craft fabricated narratives, suppress exculpatory evidence, and weaponize this tribunal to oppress a citizen. This prosecution represents textbook malice, textbook targeting, and textbook harassment. Defendant requests immediate sanctions to protect the integrity of the judicial process.

**I.**

**THE FOUNDATIONAL CORRUPTION BY PROSECUTOR STEPHEN JAMES FAGEN**

1.      The malicious nature of this prosecution was established from its inception by former

---

Chief Prosecutor Stephen James Fagen. During the initial hearing on February 23, 2026, Prosecutor Fagen engaged in unconstitutional, non-verbal ex-parte communications and hand-signaling with former presiding Judge Steven Autry.

2.      Demonstrating overt bias and ADA discrimination, Prosecutor Fagen was permitted to roam freely in the well of the court, while the Defendant—who suffers from a documented brain injury—was restricted to the defense table and explicitly denied the presence of his caregiver. Fagen capitalized on this engineered power imbalance, giving the "green light" to proceed with a prosecution he knew or should have known lacked any objective evidence.

## II.

### PROSECUTOR MOLLY CRAFT'S WILLFUL BLINDNESS AND MALICE

3.      When Junior Prosecutor Molly Craft assumed control of the docket, she inherited the absolute legal and ethical duty to review the State's evidence. Pursuant to this Court's orders, Craft was finally forced to surrender the State's discovery.

4.      Using common sense and basic human decency, Prosecutor Craft should have reviewed the discovery and immediately exercised her prosecutorial discretion to dismiss the charges. The discovery files she possessed explicitly disproved her own case:

* The official McKinney Police Department (MPD) Event Log stated that Animal Control had "*no proof*" and that there was "*no violation being present.*" (**See Exhibit A, MPD Event Log**).

* The video evidence did not show an "at large" dog; it showed a targeted vehicular assault by a City agent against the Defendant's family. (**See Exhibit B, Video Footage**).

---

**DEFENDANT'S MOTION FOR SANCTIONS FOR EGREGIOUS PROSECUTORIAL MISCONDUCT AGAINST PROSECUTORS STEPHEN JAMES FAGEN AND MOLLY CRAFT      Page 2**

5.      Instead of dismissing the fabricated charges upon reading her own police department's exoneration, Prosecutor Craft purposely concealed this exculpatory reality, violated the Michael Morton Act by withholding the discovery until the eve of the May 5 hearing, and aggressively pushed to force a disabled, *pro se* citizen into a jury trial.

## III.

## FIRST AMENDMENT SURVEILLANCE AND ADMINISTRATIVE EXTORTION

6.      Because Prosecutors Fagen and Craft possessed no objective evidence of a code violation, they resorted to unconstitutional surveillance and administrative coercion.

7.      Prosecutor Craft formally filed an inventory admitting to scraping the Defendant's personal social media, attempting to use a photograph of the Defendant's family and leashed service dog as "evidence." (**See Exhibit C, State's Discovery Inventory**). Turning over scraped social media files to a citizen is an overt threat, proving the City is actively surveilling the family in violation of their First Amendment right to free speech.

8.      Even more egregiously, to extort compliance, the State has weaponized administrative systems to suspend the possible renewal of Defendant's Texas driver's license, illegally restricting his constitutionally protected right to movement. The State has effectively declared the Defendant guilty and deployed administrative punishments before this Court has even established fundamental jurisdiction or heard a single piece of evidence.

## IV.

## ARGUMENT AND PRAYER FOR SANCTIONS

9.      Article 2.01 of the Texas Code of Criminal Procedure states: *"It shall be the primary duty of all prosecuting attorneys... not to convict, but to see that justice is done."*

10.      When officers of the court work in tandem to ignore explicit police exonerations, scrape civilian social media to chill free speech, and trigger driver's license suspensions based on fabricated charges, it is no longer a prosecution; it is government overreach, oppression, and evidence fabrication.

11.      This tribunal cannot give rogue prosecutors a free pass to take open shots at the public. Defendant respectfully requests that this Court GRANT this Motion and impose the following sanctions:

   a.   **STRIKE** the State's pleadings and immediately **DISMISS** the causes with prejudice;

   b.   **ORDER** the immediate release of any and all administrative holds placed on Defendant's Texas driver's license or vehicle registration;

   c.   **ISSUE** a formal judicial reprimand against Prosecutors Stephen James Fagen and Molly Craft for prosecutorial misconduct; and

   d.   **REFER** both prosecutors to the State Bar of Texas for violations of the Texas Disciplinary Rules of Professional Conduct regarding Candor toward the Tribunal and the Special Responsibilities of a Prosecutor.

Dated this 26th day of May, 2026.

Respectfully submitted,

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

Defendant, Pro Se

4100 Eldorado Pkwy, 100 #223

McKinney, TX 75070

(469) 333-0713

info@luceprospectgroup.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion and all attachments was served via electronic mail upon the Prosecutor for the City of McKinney, Molly Craft (mcraft@mckinneytexas.org), on this 26th day of May, 2026.

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

## INDEX OF EXHIBITS

**Exhibit A:** Official McKinney Police Department (MPD) Event Log Documenting "No Proof" (Sept 26, 2025)

**Exhibit B:** Neighboring Building Video Footage of September 25, 2025 Incident (Submitted Manually via USB Drive)

**Exhibit C:** State's Sworn "List of Discovery Materials" Identifying Social Media Surveillance (May 8, 2026)

**Exhibit A:**

**Official McKinney Police Department (MPD) Event Log**

**Documenting "No Proof" (Sept 26, 2025)**

| User: MCRAFT | **MCKINNEY POLICE DEPARTMENT** | 04/27/26 12:42:25 |
|---|---|---|

## Event Report

Event ID: **2025-111051**    Call Ref #: 646    Date/Time Received: 09/26/25 12:08:02

| Rpt #: | Call Source: PHONE | Prime Unit: | 1C67 ISTRE, JARED VINCENT | Services Involved |
|---|---|---|---|---|

Services Involved: **LAW**

Location: **409 S MCDONALD ST**

X-ST: *BEVOE ST*    *E STANDIFER ST*

Jur: CAD    Service: LAW    Agency: MPD
St/Beat: C8    District: C    RA: Q15

Business: STARBUCKS    Phone: ( ) -    GP: P59

Nature: **ASSIST OTHER AGENCY**    Alarm Lvl: 1    Priority: 5    Medical Priority:

Caller: FIDDES,KYLE    Alarm:

Addr:    Phone: (469) 260-8970    Alarm Type:

Vehicle #:    St:    Report Only: No    Race:    Sex:    Age:

Call Taker: AROBERTS    Console: D5

Geo-Verified Addr.: Yes    Nature Summary Code: ASST    Disposition: N11    Close Comments:

Notes: Kyle Fiddes(Animal Control) stated he made contact with the subjects yesterday and noticed their dogs were off leash. When Kyle attempted to ticket them yesterday, both subjects fled. Fiddes has no proof of this incident. Upon making contact with the subject today, he refused to provide his ID to Fiddes and due to no violation being present, it was determined the best course of action would be to disengage. Officer Istre had a conversation with the subject who refused to identify himself and recorded the conversation. Officer Istre was able deescalate Fiddes and the subject. Ultimately Fiddes was advised to leave the scene as Officers had no evidence of a crime.  [09/26/25 12:38:26 Unit:1C67]
rp w/ COM animal control - req ofcr stand by while he issues citations to customers inside the busn who he has issues w/ yesterday  [09/26/25 12:08:30 AROBERTS]

| **Times** | | | | |
|---|---|---|---|---|
| Call Received: | 09/26/25 12:08:02 | Time From Call Received | | |
| Call Routed: | 09/26/25 12:08:30 | 000:00:28 | Unit Reaction: 000:07:47 | *(1st Dispatch to 1st Arrive)* |
| Call Take Finished: | 09/26/25 12:08:30 | 000:00:28 | En-Route: 000:00:03 | *(1st Dispatch to 1st En-Route)* |
| 1st Dispatch: | 09/26/25 12:10:48 | 000:02:46 *(Time Held)* | On-Scene: 000:20:03 | *(1st Arrive to Last Clear)* |
| 1st En-Route: | 09/26/25 12:10:51 | 000:02:49 | | |
| 1st Arrive: | 09/26/25 12:18:35 | 000:10:33 *(Reaction Time)* | | |
| Last Clear: | 09/26/25 12:38:38 | 000:30:36 | | |

### Radio Log

| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| 1C67 | *17052* | DXY | DispatchXY | 09/26/25 12:10:48 | 2539102.75,7114752.50 | | JMAXWE |
| 1C67 | *17052* | D | Dispatched | 09/26/25 12:10:48 | Stat/Beat: C19 | | JMAXWE |
| 1C67 | *17052* | E | En-Route | 09/26/25 12:10:51 | | | Unit:1C67 |
| 1C67 | *17052* | A | Arrived | 09/26/25 12:18:35 | | | Unit:1C67 |
| 1C67 | *17052* | C | Cleared | 09/26/25 12:38:38 | | N11 | JISTRE |

### Event Log

| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| | | TR | Time Received | 09/26/25 12:08:02 | By: PHONE | | AROBER |
| | | DLS | Duplicate List | 09/26/25 12:08:04 | Potential Duplicate Events Listed (2 | | AROBER |
| | | ENT | Entered Street | 09/26/25 12:08:06 | 409 S MCDONALD ST | | AROBER |
| | | ENT | Entered Nature | 09/26/25 12:08:07 | ASSIST OTHER AGENCY | | AROBER |

Event ID:   2025-111051    Call Ref #:   646    **ASSIST OTHER AGENCY at 409 S MCDONALD ST**

| | | | | **Event Log** | | Close | |
|---|---|---|---|---|---|---|---|
| Unit | Empl ID | Type | Description | Time Stamp | Comments | Code | User |
| | | ENT | Entered Remarks | 09/26/25 12:08:30 | | | AROBER |
| | | FIN | Finished Call Taking | 09/26/25 12:08:30 | | | AROBER |
| | | ENT | Entered | 09/26/25 12:08:38 | FIDDES,KYLE | | AROBER |
| | | ENT | Entered CallerPhone | 09/26/25 12:08:41 | 4692608970 | | AROBER |
| | | VEV | Viewed Event | 09/26/25 12:10:12 | User First Viewed Event CAD | | JMAXWE |
| | | VEV | Viewed Event | 09/26/25 12:10:12 | User First Viewed Event CAD | | CREGNE |
| | | ARM | Added Remarks | 09/26/25 12:38:26 | | | Unit:1C67 |

*REPORT*

**Exhibit B:**

**Neighboring Building Video Footage of September 25, 2025 Incident (Submitted Manually via USB Drive)**

CAUSE NOS. 25-CD-221801 & 25-CD-221802

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| v. | § | |
| JACOB C. LUCE, | § | CITY OF MCKINNEY |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## DEFENDANT'S NOTICE OF MANUAL FILING OF VIDEO EVIDENCE EXHIBITS

### TO THE HONORABLE JUDGE AND THE CLERK OF THE COURT:

Please take notice that Defendant Jacob C. Lucé, proceeding *pro se*, has manually filed the following evidentiary exhibits with the Clerk of the McKinney Municipal Court:

**1. EXHIBIT B: Neighboring Building Video Footage of September 25, 2025 Incident.**

**2. EXHIBIT C: Starbucks MPD Bodycam Footage on September 26, 2025.**

These exhibits are heavily referenced in Defendant's concurrently filed *Motion to Dismiss for Vindictive Prosecution*, *Motion for Sanctions for Egregious Prosecutorial Misconduct*, and *Motion in Limine*. Because these exhibits are in a video format (.mp4) and cannot be converted to a static document or uploaded via standard electronic filing, they have been placed on a physical USB flash drive and submitted manually to the Court. A true and correct physical copy of this USB drive is being concurrently served upon the Prosecutor for the City of McKinney, Molly Craft.

---

DEFENDANT'S NOTICE OF MANUAL FILING OF VIDEO EVIDENCE EXHIBITS                    Page 1

Dated this 26th day of May, 2026.

Respectfully submitted,

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

Defendant, Pro Se

4100 Eldorado Pkwy, 100 #223

McKinney, TX 75070

(469) 333-0713

info@luceprospectgroup.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Notice was served via electronic mail upon the Prosecutor for the City of McKinney, Molly Craft (mcraft@mckinneytexas.org), on this 26th day of May, 2026.

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

---

**DEFENDANT'S NOTICE OF MANUAL FILING OF VIDEO EVIDENCE EXHIBITS**          **Page 2**

**Exhibit C:**

**State's Sworn "List of Discovery Materials" Identifying**

**Social Media Surveillance (May 8, 2026)**

**CASE# 25CD221801 & 25CD221802**

| STATE OF TEXAS | § | IN THE MUNICPAL COURT |
|---|---|---|
| VS. | § | CITY OF MCKINNEY |
| JACOB COLTON LUCE | § | COLLIN COUNTY, TEXAS |

<u>**LIST OF DISCOVERY MATERIALS PROVIDED TO DEFENDANT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT**:

Now comes the State of Texas, by and through its municipal court prosecutor, and files this List of Discovery Materials Provided to Defendant.

All discovery listed below was provided to the Defendant on a USB drive. The USB drive was delivered to Mr. Luce in open court on May 5, 2026, at the first pre-trial hearing.

The State of Texas has conducted a further review of its discovery and represents that all responsive discovery within its possession, custody, or control has been disclosed.

1. One (1) PDF file titled "Fiddes_GPS Data-9.25-9.26.2025," responsive to Defendant's Request for Production No. 3.

2. One (1) file folder titled "9.25-26 Correspondence," containing eight (8) text message screenshots, responsive to Defendant's Request for Production No. 7.

3. Four (4) image files titled "IMG_4805.jpeg," "IMG_4806.jpeg," "IMG_4807.jpeg," and "IMG_4808.jpeg," responsive to Defendant's Request for Production No. 7.

4. One (1) PNG file titled "Luce Address Email," responsive to Defendant's Request for Production No. 7.

5. One (1) PDF file of an email titled "Fiddes Email to Istre," responsive to Defendant's Request for Production No. 7.

Page 1 of 3

6.  One (1) PDF file titled "Running At Large Case – Kyle Email," responsive to Defendant's Request for Production No. 7.

7.  One (1) PNG filed titled "Advanced Cert 2025.png," responsive to Defendant's Request for Production No. 9.

8.  One (1) PNG file titled "Basic Cert 2024.png," responsive to Defendant's Request for Production No. 9.

9.  One (1) PNG file titled "NACA Officer I Cert.png," responsive to Defendant's Request for Production No. 9.

10. One (1) MP4 file titled "ASSIST_OTHER_AGENCY," responsive to Defendant's Request for Production No. 11.

11. One (1) PDF file titled "DISPATCH," responsive to Defendant's Request for Production No. 11.

12. One (1) PDF file titled "MPD_RECORDS," responsive to Defendant's Request for Production No. 11.

13. One (1) PDF file titled "LOG," responsive to Defendant's Request for Production No. 11.

14. One (1) PDF file titled "ISTRE NOTES," responsive to Defendant's Request for Production No. 11.

15. One (1) image file titled "IMG_3285.jpeg," responsive to Defendant's Request for Production No. 15.

16. One (1) image file titled "IMG_5286.jpeg," responsive to Defendant's Request for Production No. 15.

17. Four (4) MP4 files titled "video Cam 302 2025-09-25 12-17-11.mp4," "video Cam 302 2025-09-25 12-03-11," "video Cam 201 – Front Parking 2025-09-25 12-16-42," and

Page 2 of 3

"video Cam 201 – Front Parking 2025-09-25 12-02-42," responsive to Defendant's Request for Production No. 15.

18. One (1) PNG file titled "JACOB LUCE POST ABOUT FAMILY," responsive to Defendant's Request for Production No. 15.

19. One (1) PDF file titled "18.0 Vehicles," responsive to Defendant's Request for Production No. 20

20. One (1) PDF file titled "Vehicle Checklist," responsive to Defendant's Request for Production No. 20.

The State believes the discovery produced is complete. In the event any item referenced in the listed discovery above is not included on the provided USB drive, its omission is inadvertent, and the State will promptly supplement production upon notification.

Respectfully submitted,

Molly Craft
State Bar No. 24116231
Prosecutor for the City of McKinney, Texas

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy for the foregoing State's Response to Defendant's First Set of Requests for Admissions to the State of Texas was served on Jacob Colton Luce via email and filed with the Court on this the May 8, 2026.

Molly Craft

**Exhibit F:**

**McKinney Municipal Court Orders Denying Motion to Dismiss and Motion for Sanctions (Signed June 2, 2026)**

CASE(S): 25CD221801 & 25CD221802



| STATE OF TEXAS | I | IN THE MUNICIPAL COURT |
| --- | --- | --- |
| v. | I | CITY OF McKINNEY |
| JACOB LUCE, Defendant | I | COLLIN COUNTY, TEXAS |

**ORDER ON DEFENDANT'S MOTION FOR SANCTIONS FOR EGREGIOUS PROSECUTORIAL MISCONDUCT AGAINST PROSECUTORS STEPHEN FAGEN AND MOLLY CRAFT**

On this __2nd__ day of June , 2026, the Court, having considered the Motion, attached exhibits, and the argument of the Defendant and the State, finds that the Motion should be:

1) GRANTED: _____

_____

_____.

2) DENIED.

3) OTHER: _____

_____

_____.

Signed this __2nd__ day of June 2026.

_____

Peter J. Graham, Judge

McKinney Municipal Court

JUN 0 2 2026

BY: AP.   @ 1:59pm



CASE(S): 25CD221801 & 25CD221802

| STATE OF TEXAS | I | IN THE MUNICIPAL COURT |
|---|---|---|
| v. | I | CITY OF McKINNEY |
| JACOB LUCE, Defendant | I | COLLIN COUNTY, TEXAS |

**ORDER ON DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION AND PROSECUTORIAL MISCONDUCT**

On this ___2nd___ day of June , 2026, the Court, having considered the Motion, attached exhibits, and the argument of the Defendant and the State, finds that the Motion should be:

1) GRANTED: _____

_____

_____.

2) DENIED.

3) OTHER: _____

_____

_____.

Signed this _2nd_ day of June 2026.

_____

Peter J. Graham, Judge

McKinney Municipal Court

RECEIVED
JUN 0 2 2026    2:13 PM
BY: EL

**Exhibit G:**

**Defendant's File-Stamped Notice of Manual Filing**

**(May 26, 2026)**

RCVD CC 5/26/2026 11:00 AM

**CAUSE NOS. 25-CD-221801 & 25-CD-221802**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE MUNICIPAL COURT** |
| **v.** | § | |
| **JACOB C. LUCE,** | § | **CITY OF MCKINNEY** |
| **Defendant.** | § | **COLLIN COUNTY, TEXAS** |

**DEFENDANT'S NOTICE OF MANUAL FILING OF VIDEO EVIDENCE EXHIBITS**

**TO THE HONORABLE JUDGE AND THE CLERK OF THE COURT:**

Please take notice that Defendant Jacob C. Lucé, proceeding *pro se*, has manually filed the following evidentiary exhibits with the Clerk of the McKinney Municipal Court:

**1. EXHIBIT B: Neighboring Building Video Footage of September 25, 2025 Incident.**

**2. EXHIBIT C: Starbucks MPD Bodycam Footage on September 26, 2025.**

These exhibits are heavily referenced in Defendant's concurrently filed *Motion to Dismiss for Vindictive Prosecution*, *Motion for Sanctions for Egregious Prosecutorial Misconduct*, and *Motion in Limine*. Because these exhibits are in a video format (.mp4) and cannot be converted to a static document or uploaded via standard electronic filing, they have been placed on a physical USB flash drive and submitted manually to the Court. A true and correct physical copy of this USB drive is being concurrently served upon the Prosecutor for the City of McKinney, Molly Craft.

---

Dated this 26th day of May, 2026.

Respectfully submitted,

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

Defendant, Pro Se

4100 Eldorado Pkwy, 100 #223

McKinney, TX 75070

(469) 333-0713

info@luceprospectgroup.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Notice was served via electronic mail upon the Prosecutor for the City of McKinney, Molly Craft (mcraft@mckinneytexas.org), on this 26th day of May, 2026.

*/s/ Jacob C. Lucé*

**JACOB C. LUCÉ**

**Exhibit H:**

**Relator's Emailed Formal Request for Certified**

**Transcript of the June 2, 2026 Hearing (June 5, 2026)**

 **Gmail**

**Jacob Lucé**

## Request for Certified Transcripts - Cause Nos. 25-CD-221801 & 25-CD-221802

1 message

**Jacob Lucé** ✕✕✕✕✕✕✕✕✕✕✕✕✕                                            Fri, Jun 5, 2026 at 2:11 PM
To: Contact-Courts <contact-courts@mckinneytexas.org>, Judicial Clerk <judicialclerk@mckinneytexas.org>
Cc: mcraft@mckinneytexas.org, Lauren Gifford ✕✕✕✕✕✕✕✕✕✕✕✕✕

Good afternoon, Clerk of the McKinney Municipal Court:

I trust this email finds you well.

Pursuant to Texas Rule of Appellate Procedure 52.7, Defendant respectfully requests the official, certified written transcripts for the following pre-trial hearings in the above-referenced matters:

**- February 23, 2026 (Presided over by the Hon. Steven Autry)**
**- May 5, 2026 (Presided over by the Hon. Peter J. Graham)**
**- June 2, 2026 (Presided over by the Hon. Peter J. Graham)**

Please reply to this email to confirm receipt and advise on the timeline for completion.

Thank you for your dedication to the docket.

Yours sincerely,


**Jacob C. Lucé**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below:

Envelope ID: 115821595
Filing Code Description: Letter/Notice
Filing Description: RELATOR???S FIRST SUPPLEMENTAL NOTICE AND RENEWED REQUEST FOR EMERGENCY STAY OF PROCEEDINGS
Status as of 6/8/2026 11:41 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jacob C.Luce | | info@luceprospectgroup.com | 6/5/2026 6:08:35 PM | SENT |
| Hon. Richard D.Davis | | acundiff@co.collin.tx.us | 6/5/2026 6:08:35 PM | SENT |
| Hon. David Waddill | | acundiff@co.collin.tx.us | 6/5/2026 6:08:35 PM | SENT |
| Fifth Court of Appeals | | 5ththeclerk@txcourts.gov | 6/5/2026 6:08:35 PM | SENT |
| Molly Craft | | mcraft@mckinneytexas.org | 6/5/2026 6:08:35 PM | SENT |
| Hon. Peter J.Graham | | judicialclerk@mckinneytexas.org | 6/5/2026 6:08:35 PM | SENT |

FILE COPY

RE: Case No. 26-0435                          DATE: 6/5/2026
COA #: 05-26-00516-CV                         TC#: 007-01990-2026
STYLE: IN RE LUCE

     Today the Supreme Court of Texas denied the petition for writ of mandamus in the above-referenced case. Relator's Emergency Motion for Temporary Relief is dismissed as moot.

                  THE HONORABLE DAVID  WADDILL
                  JUDGE, COUNTY COURT AT LAW NO. 7
                  2100 BLOOMDALE ROAD, SUITE 30372
                  MCKINNEY, TX  75071
                  * DELIVERED VIA E-MAIL *

RE: Case No. 26-0435                        DATE: 6/5/2026
COA #: 05-26-00516-CV              TC#: 007-01990-2026
STYLE: IN RE LUCE

     Today the Supreme Court of Texas denied the petition
for writ of mandamus in the above-referenced case. Relator's
Emergency Motion for Temporary Relief is dismissed as moot.

               COUNTY CLERK   COLLIN COUNTY
               COLLIN COUNTY ADMINISTRATION BLDG.
               2300 BLOOMDALE RD, STE 2106
               MCKINNEY, TX  75071
               * DELIVERED VIA E-MAIL *

RE: Case No. 26-0435                           DATE: 6/5/2026
COA #: 05-26-00516-CV                    TC#: 007-01990-2026
STYLE: IN RE LUCE

    Today the Supreme Court of Texas denied the petition for writ of mandamus in the above-referenced case. Relator's Emergency Motion for Temporary Relief is dismissed as moot.


MR. RUBEN  MORIN
CLERK, FIFTH COURT OF APPEALS
600 COMMERCE STREET, SUITE 200
DALLAS, TX  75202
* DELIVERED VIA E-MAIL *

RE: Case No. 26-0435                          DATE: 6/5/2026
COA #: 05-26-00516-CV                     TC#: 007-01990-2026
STYLE: IN RE LUCE

    Today the Supreme Court of Texas denied the petition for writ of mandamus in the above-referenced case. Relator's Emergency Motion for Temporary Relief is dismissed as moot.

MR. STEVEN  AUTRY
DALLAS COUNTY ADMINISTRATION
500 ELM ST STE 7600
DALLAS, TX  75202-3367
* DELIVERED VIA E-MAIL *

RE: Case No. 26-0435                        DATE: 6/5/2026
COA #: 05-26-00516-CV                   TC#: 007-01990-2026
STYLE: IN RE LUCE

    Today the Supreme Court of Texas denied the petition for writ of mandamus in the above-referenced case. Relator's Emergency Motion for Temporary Relief is dismissed as moot.


MOLLY  CRAFT
* DELIVERED VIA E-MAIL *

FILE COPY

RE: Case No. 26-0435                                    DATE: 6/5/2026
COA #: 05-26-00516-CV                          TC#: 007-01990-2026
STYLE: IN RE LUCE

Today the Supreme Court of Texas denied the petition
for writ of mandamus in the above-referenced case. Relator's
Emergency Motion for Temporary Relief is dismissed as moot.




JACOB C. LUCE
* DELIVERED VIA E-MAIL *