IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| JACOB C. LUCÉ and | § | |
| LAUREN L. GIFFORD, | § | |
| Plaintiffs, | § | |
| v. | § | **Case No. 4:26-cv-00191-SDJ-BJD** |
| **CITY OF MCKINNEY, TEXAS;** | § | **COMPLAINT FILED:** |
| **and K. FIDDES, in his individual capacity,** | § | **FEBRUARY 20, 2026** |
| Defendants. | § | |

## [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

BEFORE THE COURT is the *Emergency Motion for Preliminary Injunction to Enjoin Ongoing State Court Proceedings and to Strike Defendants' Younger Abstention Defense* (the "Motion"), filed by Plaintiffs Jacob C. Lucé and Lauren L. Gifford. The Court, having reviewed the Motion, the response, and the evidence of record, finds that the Motion has merit.

The Court finds that this matter falls within the exceptions to the Anti-Injunction Act (28 U.S.C. § 2283) as a civil rights action properly maintained under 42 U.S.C. § 1983. Further, the Court finds that the *Younger* abstention doctrine (*Younger v. Harris*, 401 U.S. 37 (1971)) does not bar intervention. The evidence demonstrates that the underlying state proceedings in McKinney

Municipal Court (Cause Nos. 25-CD-221801 and 25-CD-221802) satisfy the recognized exceptions to the *Younger* doctrine, specifically (1) the state prosecution is conducting a bad-faith retaliation campaign, and (2) the state forum has proven inadequate to protect Plaintiffs' federally guaranteed civil rights.

The state system offers no adequate opportunity for constitutional review due to systemic infrastructure failures, including the deployment of an inaccessible "shadow docket" and the intentional denial of a court reporter to prevent the creation of a lawful appellate record. The state remedies are exhausted and inadequate.

The Court finds that Plaintiffs have demonstrated (1) a substantial likelihood of success on the merits; (2) a substantial threat that Plaintiffs will suffer irreparable harm (namely, unconstitutional retaliatory prosecution without adequate state remedy) if the injunction is not granted; (3) that the threatened injury outweighs any damage the injunction might cause Defendants; and (4) that the injunction will not disserve the public interest.

It is therefore **ORDERED** that:

1. *Plaintiffs' Emergency Motion for Preliminary Injunction to Enjoin Ongoing State Court Proceedings and to Strike Defendants' Younger Abstention Defense* is **GRANTED**.

2. Defendants' *Younger* abstention defense is **STRICKEN** as fundamentally inapplicable.

3. Defendant City of McKinney, its agents, employees, attorneys, and municipal prosecutors are hereby **ENJOINED** and **RESTRAINED** from initiating, continuing, proceeding with, or otherwise maintaining the prosecution against Relator in the McKinney Municipal Court proceedings captioned State of Texas v. Jacob C. Lucé, Cause Nos.

---

**[PROPOSED] ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN ONGOING STATE COURT PROCEEDINGS AND TO STRIKE DEFENDANTS' YOUNGER ABSTENTION DEFENSE**                                    **Page 2**

25-CD-221801 and 25-CD-221802, currently pending pre-trial on July 7, 2026. This injunction shall remain in effect pending a final adjudication of Plaintiffs' underlying civil rights claims in this Court.

It is so **ORDERED**.

**SIGNED this \_\_\_\_ day of _____, 2026.**

_____

**UNITED STATES DISTRICT JUDGE**